Argued and submitted March 2, alternative writ of mandamus dismissed
August 30, 2001

### STATE OF OREGON,
*Plaintiff-Adverse Party,*

*v.*

### ROBERT LAWRENCE STAUDINGER,
*Defendant-Relator.*

### (CC 99-CR-0893-AB; SC S47781)

31 P3d 426

Laura Graser, Portland, argued the cause and filed the brief for defendant-relator.

Kaye E. McDonald, Assistant Attorney General, Salem, argued the cause and filed the brief for plaintiff-adverse party. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Rose Jade, Newport, filed briefs on behalf of *amicus curiae* Firebare, Inc.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs, and De Muniz, Justices.*

PER CURIAM

_____

* Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case.

## PER CURIAM

This is an original mandamus proceeding. Relator, a criminal defendant, served subpoenas *duces tecum* on the State Court Administrator and the Trial Court Administrator for the Deschutes County Circuit Court ("administrators"). The subpoenas sought certain jury composition records, including source lists. The trial court granted administrators' motion to quash the subpoenas. Relator then petitioned this court for an alternative writ of mandamus, and we issued the writ. For the reasons that follow, we now dismiss that writ.

While the proceeding was pending before this court, the legislature passed Oregon Laws 2001, chapter 779 (House Bill 2335). Sections 14 through 17 of that act set out a procedure and standards that are to govern a trial court's decision to release source lists and jury lists. The act became effective July 1, 2001. Relator now may request the records that he seeks under the provisions of the act.

The legislature's intervening enactment makes the extraordinary remedy of mandamus no longer appropriate in this proceeding. *See State ex rel Fidanque v. Paulus*, 297 Or 711, 717, 688 P2d 1303 (1984) ("mandamus 'is an extraordinary remedial process which is awarded not as a matter of right, but in the exercise of a sound judicial discretion * * *' " (quoting *Buell v. Jefferson County Court*, 175 Or 402, 408, 152 P2d 578, *reh'g den* 154 P2d 188 (1944))). We, therefore, dismiss the alternative writ.

Alternative writ of mandamus dismissed.